## ROWE *v.* JOHNSON ET AL.

[No. 28,073.   Filed April 18, 1945.]

*Edgar W. Atkinson* and *Hugh G. Sanders,* both of Auburn, for appellant.

*Mountz & Mountz,* of Garrett, for appellees.

O'MALLEY, C. J.—The appellant filed a complaint in the DeKalb Circuit Court wherein he alleged that on the 20th day of February, 1932, he was the owner of an undivided one-fourth interest in a 40-acre tract of land located in DeKalb County; that on said date he and his co-tenants (his brothers and sisters) and their spouses conveyed said 40 acres to Estel R. Shippy and Edna M. Shippy at the agreed price of $1,600.00; that the purchase price was paid, part in cash and part by a note secured by a mortgage; that the note and mortgage were made payable to all co-tenants and that at a later date the appellees induced the said Shippys to give a new note and mortgage payable to the appellee, Daisy Johnson; that the new note and mortgage were substituted for the original ones and that the appellees afterward collected said note, kept the funds secured therefrom, and refused to pay the one-fourth thereof to appellant.

To this complaint there was filed an answer in three paragraphs. The first was in effect a denial of each fact in each rhetorical paragraph. The second and third paragraphs each alleged the six year statute of. limitations. The reply to the second and third paragraphs is not set out, and may not have been filed. There was a change of venue and this cause was sent to Steuben County where trial was had before a jury.

The only questions briefed are that the verdict is not sustained by sufficient evidence and that it is contrary to law.

Since the verdict was for the defendant and against the plaintiff, who had the burden of proof, the verdict

does not rest upon the quantum of evidence. A total lack of evidence would force a verdict or decision against the one who had the burden. Therefore, no question is raised by claiming that there was insufficient evidence. *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. (2d) 905, 15 N. E. (2d) 1016.

The only question which must be answered is whether or not the verdict was contrary to law. In answering this question we must consider only the evidence most favorable to the appellees, together with all reasonable inferences to be drawn therefrom. *Craig, Exrx.* v. *Citizens Trust Company* (1940), 217 Ind. 434, 26 N. E. (2d) 1006.

It is only "Where the evidence is without conflict and leads to but one reasonable conclusion and the trial court has reached a contrary conclusion," that the verdict or decision will be disturbed as being contrary to law. *Clapham* v. *City of Huntington* (1941), 109 Ind. App. 244, 247, 32 N. E. (2d) 118, 119.

In the instant case the evidence most favorable to appellees would permit the jury to find that in 1923, the father of the appellant deeded a 40-acre tract of land to four of his children, one of whom was the appellant; that this was done merely for the purpose of placing the legal title in the children and with the understanding that the father would retain possession and the beneficial ownership; that the understanding was that the children would join in a conveyance at any time and that the father retained the right to sell the land and take and keep any and all funds received in the sale; that the father did sell the land for $1,600.00, part of which was paid in cash and part in notes, one of which was secured by a mortgage; that the note and mortgage so received were by the attorney for

the buyers, and against the express request of the father, made in the names of the four children; that this note was afterward, at the request of the father, changed and made payable to the appellee, Daisy Johnson; that the sale occurred on the 20th day of February, 1932 and the note was changed on the 13th day of June, 1932; that said note was given by the father to his daughter, Daisy Johnson, one of the appellees, because he lived with her and she cared for him for many years; that in 1923 the 40 acres was all the property owned by the father and that he did not realize very much from the rental of this land from 1923 to the time of the sale; that during all this time the father paid the taxes and took the income and personally fixed the sale price and terms without consulting with his children; that the children signed the deed without knowing or asking anything about the sale, or the terms of sale; that the father took all cash and interest paid and used the same for himself; that he lived four years after the sale and during that time no questions were asked of him; that this appellant told his sister, an appellee, that she should have what was left and that the father desired that she have it. The evidence was conflicting on many points.

From these facts and inferences, it seems plain that the jury believed the transfer of the legal title to the land was merely a family arrangement, which in no way was to curtail the right of the father to deal with it as he desired, and that he could use the funds derived therefrom as he saw fit.

The verdict of the jury was not contrary to law [See *Klingler* v. *Ottinger* (1939), 216 Ind. 9, 22 N. E. (2d), 805.]

The judgment is therefore affirmed.

NOTE.—Reported in 60 N. E. (2d) 529.