EASTON V. THE BOARD OF COMMISSIONERS OF LAWRENCE COUNTY, INDIANA, ET AL.

[No. 17,634. Filed October 27, 1947.]

H. *Wayne Baker* and *Marshall Wollery,* both of Bedford, for appellants.

*Robert L. Mellin* and *John M. Plummer,* both of Bedford, for appellees.

HAMILTON, J.—This is an appeal by appellants from an adverse judgment rendered in an action instituted by appellants against the appellees wherein appellants sought a permanent injunction to enjoin all of the appellees from disturbing, molesting, breaking and tearing down fences erected by appellants as the boundary lines of Lot No. 14 in South Bedford, an addition to the City of Bedford, Lawrence County, Indiana, alleged to be occupied by appellants under a written contract of purchase, and to enjoin appellees from in any way disturbing or trespassing on plaintiffs' property and from disturbing plaintiff in the quiet enjoyment of said real estate.

Upon issues joined the cause was submitted for trial to the court, without a jury, which rendered its general finding in favor of the appellees and against appellants. Judgment was rendered accordingly, and upon appel-

lants' motion for a new trial being overruled, this appeal is prosecuted.

The sole error assigned in this court is the overruling of appellants' motion for a new trial, which contained the following specifications, to wit: "1. The decision or finding of the court is not sustained by sufficient evidence. 2. The decision or finding of the court is contrary to law."

It is firmly settled by the decisions of the Supreme Court and this court that in an appeal by an unsuccessful plaintiff who carried the burden of proof, as the appellants did in the instant case, and where the judgment is for the defendant, an assignment in the motion for a new trial that the decision is not sustained by sufficient evidence is inappropriate to present any question upon appeal for the reason that a negative verdict or decision may not be attacked upon the ground that there is a lack of evidence to support it. *McKee* v. *Mutual Life Ins. Co. of New York* (1943), 222 Ind. 10, 12, 51 N. E. (2d) 474; *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 158, 14 N. E. (2d) 905; *Rowe* v. *Johnson* (1945), 223 Ind. 289, 291, 60 N. E. (2d) 529; *Smith, Executrix* v. *Strock, Executor* (1945), 115 Ind. App. 518, 521, 60 N. E. (2d) 157; *Myers* v. *Brane* (1944), 115 Ind. App. 144, 57 N. E. (2d) 594; *Scoopmire* v. *Taflinger* (1944), 114 Ind. App. 419, 52 N. E. (2d) 728.

This leaves for our consideration only the question as to whether or not the decision and finding of the trial court was contrary to law. In answering this question we must consider the evidence most favorable to the appellees, together with all reasonable inferences to be drawn therefrom. *Rowe* v. *Johnson, supra; Craig, Exrx.* v. *Citizens Trust Co.* (1940), 217 Ind. 434, 26 N. E. (2d) 1006.

It is only where the evidence is without conflict and leads inescapably to but one reasonable conclusion and the trial court has reached a contrary conclusion that the verdict or decision will be disturbed as being contrary to law. *Rowe* v. *Johnson, supra; Clapham* v. *City of Huntington* (1941), 109 Ind. App. 244, 32 N. E. (2d) 118.

In the instant case an examination of the record discloses that there is a conflict in the testimony of the witnesses and the trial court was fully justified in reaching the conclusion that the appellants had failed to discharge the burden resting upon them to prove the averments of the complaint by a fair preponderance of the evidence. Therefore, the judgment of the lower court must be affirmed.

Judgment affirmed.

NOTE.—Reported in 75 N. E. (2d) 169.