THEO. LOSCHE & SONS, INC. *v.* CHAS. WILLIAMS & ASSOCIATES, LIMITED

[No. 17,683. Filed April 5, 1948. Rehearing denied May 14, 1948. Transfer denied June 22, 1948.]

*Bernard Stroyman*, of Indianapolis, attorney for appellant.

*Joseph & Dann*, of Indianapolis, attorneys for appellee.

BOWEN, P. J.—This is an appeal from a judgment rendered in an action on account by appellee to recover the sum of $1,480.05 for two carloads of bananas. Issues were joined on appellant's answer to paragraph III of appellee's complaint, and appellee's answer to appellant's amended cross-complaint. The prayer of this cross-complaint asked that the sum of $2,461.51 be set off against any sum found due appellee on its complaint. The set-off was claimed for alleged loss suffered by appellant on two other carloads of bananas, allegedly caused by the breach of an agreement with one Carlos Betancourt, Jr., who was alleged to be an agent of appellee in such sale.

The cause was submitted to the court for trial, without a jury, and the court found for appellee on its complaint and rendered judgment for appellee in the sum of $1,480.05, and rendered judgment that appellant take nothing on its amended cross-complaint. The court overruled a motion for a new trial filed by appellant and this appeal followed.

The sole error assigned in this court for reversal is the action of the trial court in overruling appellant's' motion for a new trial. Grounds of appellant's motion for a new trial were that the decision of the court is not sustained by sufficient evidence and is contrary to law. By its propositions, points, and authorities, appellant does not question the action of the trial court in rendering judgment on appellee's complaint, but challenges the action of the trial court in denying relief to appellant on its amended cross-complaint. Accordingly, the issue is limited to the questions presented by the action of the court in denying relief to appellant on its amended cross-complaint.

It is well settled that where one party carries the burden of proof as the appellant did herein on a cross-

complaint, where the judgment is against the party so carrying the burden of proof, an assignment in the motion for a new trial that the decision is not sustained by sufficient evidence is inappropriate to present any question upon appeal for the reason that a negative verdict or decision may not be attacked upon the ground that there is lack of evidence to support it. *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905; *McKee* v. *Mutual Life Ins. Co. of New York* (1943), 222 Ind. 10, 51 N. E. 2d 474; *Rowe* v. *Johnson* (1945), 223 Ind. 289, 60 N. E. 2d 529; *Smith, Executrix,* v. *Strock, Executor* (1945), 115 Ind. App. 518, 60 N. E. 2d 157; *Myers* v. *Brane* (1944), 115 Ind. App. 144, 57 N. E. 2d 594; *Scoopmire* v. *Taflinger* (1944), 114 Ind. App. 419, 52 N. E. 2d 728; *Easton* v. *Board of Commrs.* (1947), 117 Ind. App. 616, 75 N. E. 2d 169.

Therefore, the question remaining for our determination is whether the decision and finding of the trial court that the appellant take nothing on its cross-complaint was contrary to law. In determining this proposition, we must consider the evidence most favorable to the appellee, together with any reasonable inferences which may be drawn therefrom. *Rowe* v. *Johnson, supra; Craig, Exrx.* v. *Citizens Trust Co.* (1940), 217 Ind. 434, 26 N. E. 2d 1006.

It is only where the evidence is without conflict and leads inescapably to but one reasonable conclusion, and the trial court has reached a contrary conclusion, that the verdict or decision will be set aside on the ground that it is contrary to law. *Rowe* v. *Johnson, supra; Clapham* v. *City of Huntington* (1941), 109 Ind. App. 244, 32 N. E. 2d 118.

Appellant's amended cross-complaint claimed a breach of an agreement between appellant and one Carlos Betancourt, Jr., who was alleged to be appellee's agent in the sale of two carloads of bananas which resulted in loss to appellant. This cross-complaint alleged that the said Betancourt over-loaded the cars in violation of the agreement and neglected to ice said cars, by reason whereof more than one-half of the bananas contained therein were rotten at the time they were received in Indianapolis. Appellee's answer to appellant's amended cross-complaint denied the above facts of negligence and the alleged violation of such agreement. The burden of proof was upon appellant to sustain these allegations of its cross-complaint.

An examination of the record discloses that there was evidence from which the trial court was fully justified in reaching the conclusion that the appellant had failed to discharge the burden resting upon it to prove the averments of said amended cross-complaint by a fair preponderance of the evidence. There was evidence from which a reasonable and proper inference could have been drawn by the trial court that the alleged damaged condition of the bananas was not due to any fault or negligence of Betancourt as alleged in appellant's amended cross-complaint, but was due to the fault and negligence of appellant in permitting the bananas after their arrival in Indianapolis to remain in the car 24 hours in the month of July. The testimony of appellant's own witness, J. E. Dickerson, was to the effect that the bananas in the railroad cars could not stand the temperatures reported by Mr. Mackensen, Chief Inspector for the Railroad Perishable Inspection Agency, for 24 hours without showing the cooked appearance which he re-

ported, and that that kind of temperature would produce the spoilage reported. There was also evidence that there were a few large chunks of ice in the bottom of the cars showing that these cars had been iced to some extent.

This court will not weigh conflicting evidence, and there was clearly evidence from which the trial court was justified in finding against appellant on its amended cross-complaint.

Therefore, it is not necessary for us to pass upon the questions which are presented at length in the briefs on the alleged agency relationship between Betancourt and the appellee, since regardless of this relationship, there was evidence in the record which would fully justify the trial court in reaching the conclusion that appellant had failed to discharge the burden of showing any breach of the alleged agreement and negligence on the part of either appellee or Betancourt, the alleged agent for appellee, as alleged in appellant's amended cross-complaint.

The court did not err in overruling appellant's motion for a new trial. The judgment of the lower court must be affirmed.

Judgment affirmed.

NOTE.—Reported in 78 N. E. 2d 447.