POKRAKA ET AL. *v.* LUMMUS COMPANY.

[No. 28,902. Filed March 27, 1952. Rehearing denied April 28, 1952.]

*T. Joseph Sullivan,* of Hammond, for appellants.

*Riley, Reed, Murphy & McAtee;* and *Jesse W. Mc-Atee,* all of East Chicago; and *Kenneth Call,* of Gary, for appellee.

BOBBITT, J.—This is an action for property damage by appellants (plaintiffs below) against appellee, defendant, resulting from subsidence of appellants' land and building thereon allegedly due to surplus water from a broken water main in a trench opened by certain excavation operations of appellee.

Trial by the court, without the intervention of a jury, was begun on December 15, 1948. The amended

complaint is in two paragraphs, the first being for damages to the land on the theory of lateral support as an absolute right without consideration of negligence, and the second being for damages to the land and buildings thereon on the theory of negligence. At the close of plaintiffs' evidence, on January 12, 1949, appellee filed its motion for a finding for defendant on paragraph one of plaintiffs' amended complaint and on January 17, 1949 the court sustained said motion.

Appellee then filed its motion for a finding for defendant on paragraph two of the amended complaint, and on January 19, 1949 the court overruled this motion but entered judgment for defendant on paragraph one of the complaint. That part of said judgment which here applies is as follows:

"The court now enters judgment for defendant on ruling on motion of defendant to first paragraph of plaintiffs' amended complaint, as follows:

"It is therefore, CONSIDERED, ADJUDGED AND DECREED by the court that the plaintiffs take nothing by reason of their first paragraph of plaintiffs' amended complaint."

On January 31, 1949 the court entered judgment for the appellee on paragraph two of appellants' amended complaint.

Appellants' motion for a new trial was filed on February 18, 1949 which, it will be observed, was more than thirty days after January 17, 1949 but within thirty days after January 31, 1949, and from an order entered on November 21, 1949 overruling said motion for a new trial this appeal is prosecuted.

Two questions are presented for our consideration. First, whether the court erred in making two findings and entering two judgments during the trial, one judgment on January 19, 1949 and another on January 31,

1949; and, second, whether the court erred in overruling appellants' motion for a new trial.

*First:* It will be observed that the first paragraph of appellants' complaint was, by reference, incorporated into and made a part of the second paragraph of complaint. Section 2-1006, Burns' 1946 Replacement; Acts of 1917, ch. 27, §1, p. 68.

That part of the second paragraph of complaint which incorporated the first paragraph by reference was not eliminated by the finding of the court for defendant on paragraph one of said complaint. The record discloses no motion by defendant to strike out such part of the second paragraph. It is apparent that both parties proceeded to trial on the second paragraph of complaint on the issues submitted thereby. It has been held by this court that parties must abide by a procedure which they have induced the court to follow. *State ex rel. Cline* v. *Schricker* (1950), 228 Ind. 41, 45, 88 N. E. 2d 746; *State ex rel. Reiman* v. *Kimmell* (1937), 212 Ind. 639, 646, 647, 10 N. E. 2d 911.

In the case at bar, while we do not decide whether, under the circumstances, paragraph one was properly incorporated in paragraph two, both parties proceeded to trial on the second paragraph of complaint without objection to its form, and they may not now complain that the proceedings had under the second paragraph of complaint were erroneous.

Since the court, in considering plaintiffs' evidence in support of the second paragraph of complaint, of necessity, considered the questions raised by the first paragraph of complaint which was, by reference, incorporated in the second paragraph, its finding and ruling thereon was merged in the final judgment entered on January 31, 1949.

It is not presumed that the court will dispose of a case piecemeal by entering successive final judgments, and a judgment is not final unless it determines the rights of the parties in the suit, or a distinct and definite branch thereof, and reserves no further question or direction for future determination. *Bozovichar* v. *State* (1952), 230 Ind. 358, 103 N. E. 2d 680; *Ebenezer Old People's Home* v. *Bernhard* (1935), 100 Ind. App. 636, 642, 196 N. E. 129; *Ragle* v. *Dedman* (1910), 45 Ind. App. 693, 695, 91 N. E. 615; *Home Electric Light and Power Co.* v. *Globe Tissue Paper Co.* (1896), 145 Ind. 174, 175, 44 N. E. 191.

Appellants were not harmed nor were any of their rights prejudiced under the circumstances herein, and while we do not here propose to change the rules "in the middle of the game" it is our considered opinion that where, as here, issues of fact are joined on a complaint of two or more paragraphs, and trial is by the court and during the trial the court, at different times, makes and enters separate decisions on any one or more of said paragraphs of complaint, there should be, at the discretion of the aggrieved party, but one motion for a new trial which can be filed at any time within thirty days from the date on which the last of such decisions is entered. This rule should apply whether said paragraphs of complaint state separate and distinct causes of action or are the statement of different theories of the same cause.

*Second:* Appellants' motion for a new trial contains two specifications: (1) The decision of the court is not sustained by sufficient evidence; (2) The decision of the court is contrary to law.

The first specification in the motion for a new trial presents no question to this court because the burden

was upon appellants to establish the allegations of their complaint, and a decision against them cannot be attacked upon the ground that there is insufficient evidence to sustain it. *State ex rel. Flaugher* v. *Rogers* (1948), 226 Ind. 32, 37, 77 N. E. 2d 594; *Wright* v. *Peabody Coal Co.* (1948), 225 Ind. 679, 686, 77 N. E. 2d 116; *McGuire* v. *Indianapolis Broadcasting, Inc.* (1945), 223 Ind. 505, 511, 61 N. E. 2d 642; *Rowe* v. *Johnson* (1945), 223 Ind. 289, 291, 60 N. E. 2d 529; *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 158, 14 N. E. 2d 905; *McFarland* v. *Christoff* (1950), 120 Ind. App. 416, 421, 92 N. E. 2d 555; *Losche & Sons* v. *Williams & Associates* (1948), 118 Ind. App. 392, 395, 78 N. E. 2d 447; *Krull* v. *Pierce* (1947), 117 Ind. App. 638, 642, 71 N. E. 2d 617; *Heffington* v. *Tichenor* (1946), 116 Ind. App. 475, 477, 65 N. E. 2d 500; *Wadler* v. *Mogul Rubber Corporation* (1945), 116 Ind. App. 152, 154, 61 N. E. 2d 472; *Smith, Executrix* v. *Strock, Executor* (1945), 115 Ind. App. 518, 521, 60 N. E. 2d 157.

Appellants may, however, properly assert that the decision of the trial court denied them the relief to which they were entitled under the evidence and hence was contrary to law. *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905, *supra.*

To determine this question we will consider only the evidence most favorable to appellee, together with any reasonable inferences which may be drawn therefrom. *Rowe* v. *Johnson* (1945), 223 Ind. 289, 291, 60 N. E. 2d 529, *supra.*

An examination of the record discloses the following evidence favorable to appellee:

Appellee, The Lummus Company, was employed by the Standard Oil Company of Indiana as an independ-

ent contractor to dig a trench 16 to 20 feet wide and 7½ feet deep for the laying of certain pipes and lines for the purpose of connecting a new research plant which was located west of Schrage Avenue and the property owned by appellants, Pokrakas, with another of the oil company's plants. Appellee began work along the property here in question in September, 1946, and completed the same in June, 1947. The land adjoining the land of appellants, Pokrakas, was owned by the Standard Oil Company of Indiana.

The evidence is undisputed that the south line of the Pokraka property was 76½ feet north of the north line of 126th Street; that the trench in which the break in the pipes occurred ran east and west on 126th Street. The south side of the improvements on said appellants' property was 99 feet from 126th Street and the water lines in the trench at 126th Street were approximately 32 feet from where the trench turned to go north toward the property of said defendants. The break in the water line was approximately 114 feet on a direct line to the southeast corner of the improvements on appellants' property.

The broken water pipes were owned and controlled by the city of Whiting, and the superintendent of the water works or other members of the Board of Works in the city of Whiting were the only persons having authority to shut off the water in the broken lines here involved.

A break in the water pipes at Schrage Avenue occurred at about 5:30 P.M. on February 20, 1947, at a time when no one was on the job except the night watchman. When the break was discovered, the superintendent who was in charge of the work for appellee was called and he arrived at the scene of the break at about six o'clock P.M. and remained there all night.

Immediately upon arrival the superintendent called the city engineer of the city of Whiting who sent his assistant to the water station to observe the degree of pressure, and after observing this and other conditions shown by the charts in the water station, and after a personal inspection of the break at about eight o'clock the same evening, the city engineer and his assistant decided that the break was not serious enough to require the water to be shut off. Appellee put two sump pumps into operation within an hour after the discovery of the break for the purpose of pumping the water out of the ditch and into the sewer. It was found not necessary to run even one pump continuously in order to keep the water out of the ditch. The city water department shut off the water at about eleven o'clock the next day. At no time did the water in the trench get deeper than six or eight inches or to the point where the pumps were not able to withdraw the water from the trench as it spilled from the broken pipes.

Said pipes broke in two different places but there is no evidence to show why these breaks occurred. The pipes were not frozen and, at the time of the breaks in the pipes, the temperature was above freezing. The city engineer of Whiting, a witness for the plaintiff, testified that the span of pipe at Schrage Avenue was strong enough to sustain itself without additional support even when filled with water. The evidence shows, however, that appellee provided supports for said pipe by the use of wire which was connected to a beam laid across the top of the trench. Three strands of No. 9 wire were wrapped around the beam across the trench and the other end of the wire around the water pipe. The slack was then taken out of the wire so that the pipes were secured in their original position. Three of such groups of wires were used on the particular

section of pipe here in question. The evidence further discloses that at no time during the break in the water main at Schrage Avenue was there any water overflowing on appellants', Pokrakas', property or that it did at any time thereafter subside. The evidence further discloses that appellants' property was underlaid with virgin sand, that it was as hard as a rock and that in order for any water to seep through this sand from the trench to appellants' property, it would have had to remain in the trench for a long time.

A careful examination of all the evidence fails to disclose any evidence, or inferences which might be drawn therefrom, pertaining to any negligence of appellee which might have caused damage to the property of any of the appellants, or any evidence of the withdrawal of lateral support therefrom, which would force us to a conclusion other than that reached by the trial court. It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law. *Losche & Sons* v. *Williams & Associates* (1948), 118 Ind. App. 392, 78 N. E. 2d 447, *supra.*

We cannot say, from an examination of the record, that appellants were denied the relief to which they were entitled under the evidence. The decision of the trial court was, therefore, not contrary to law.

Finding no reversible error, the judgment of the trial court is affirmed.

NOTE.—Reported in 104 N. E. 2d 669.