## AMERICAN TRAVELERS LIFE INS. CO. *v.* TRAVELERS INDEMNITY COMPANY.

[No. 19,854.   Filed September 14, 1964.]

*John C. O'Connor, John C. Ruckelshaus, William D. Ruckelshaus* and *Ruckelshaus, O'Connor & Ruckelshaus,* all of Indianapolis, for appellant.

*Hugh E. Reynolds, Hugh E. Reynolds, Jr.,* and *Locke, Reynolds, Boyd & Weissell,* all of Indianapolis, for appellee.

CARSON, J.—This is an appeal from the Marion Superior Court No. 5, Marion County, Indiana.

The appellant as plaintiff below brought an action to recover damages for alleged breach of contract from the appellee. The issues were joined by filing a complaint in one paragraph charging that the appellee had executed and delivered to the appellant for a valuable consideration a fidelity bond known as, "Life Insurance Companies Blanket Bond." The appellant contends that the bond protected the appellant against loss from dishonesty or fraudulent conduct of any employee or agent of the appellant. The appellee filed an answer under Rule 1-3 of the Supreme Court of Indiana and the case was decided by the court without the intervention of a jury.

The court, after making special findings of fact and conclusions of law, entered judgment in favor of the appellee. The appellant filed a motion for new trial which was overruled, which ruling is assigned as error in this appeal. The motion for new trial specifies 12 errors some of which are addressed to the special findings of fact and some to the conclusions of law.

In the argument portion of the appellant's brief it has grouped together specified errors 1, 2, 3, 4, 5, 11 and 12. By appellant's failure to brief and argue the other grounds in the motion for new trial including the conclusions of law the same are waived.

When concisely stated the facts are briefly as follows: Dykstra was an agent and employee of the appellant; he submitted insurance applications to his supervisor; these applications contained forged signatures and were based upon the proposition that the premiums were to be paid by a deduction from the supposed applicant's military pay; based upon these

applications, commissions were paid for which Dykstra receipted on a form provided by the appellant which used the language, "being an amount *advanced* me against and upon the security of any and all commissions." (Our emphasis)

The appellant contends that clause (A) 1 and 2 which read as follows:

"1. Any loss through any dishonest or fraudulent act of any of the Employees or General Agents of the Insured committed anywhere and whether committed alone or in collusion with others, including loss of Property through any such act of such Employees or General Agents.

2. Any loss of Property through any dishonest or fraudulent act of any Soliciting Agent, wherever committed and whether committed alone or in collusion with others. The words Soliciting Agent wherever used in this bond shall be deemed to mean any individual, firm or corporation engaged or authorized by the Insured or by any General Agent of the Insured to solicit insurance for the account of the Insured or of such General Agent, and shall be deemed to include any Insurance Broker under contract with the Insured or with such General Agent.

Coverage hereunder shall include loss of funds of policyholders of the Insured or beneficiaries under policies issued by the Insured through any dishonest or fraudulent act committed by any Soliciting Agent, for which funds the Insured may assume responsibility, whether or not the Insured has a pecuniary interest in such funds or is legally liable therefor."

cover the loss sued on in this action.

The appellee contends that the exclusions of the policy set out in Section 3 bar recovery, which Section reads as follows:

"Section 3. The Underwriter shall not be liable for loss sustained by the Insured through failure

of any Employee, General Agent of the Insured or Soliciting Agent or their respective employees (all hereinafter called Representative in this paragraph) to collect insurance premiums, notes or other evidences of debt in settlement for or in payment of insurance premiums; or in consequence of premiums unpaid on policies issued, although such premiums may have been reported and assumed by a Represenative as chargeable to his account; or through failure of any Representative to repay monies advanced by the Insured, except monies advanced for traveling expenses, claim settlements, claim expenses and other expenses of the Insured and dishonestly converted by such Representative; or as to premiums for more than the amount actually collected and retained by such Representative after deducting the entire amount of all commissions to which such Representative is entitled or to which such Representative would have been entitled had there been no default, any agreement between such Representative and the Insured or any assignment by such Representative to the Insured to the contrary notwithstanding,— provided that such deduction of commissions shall not be applicable to a case where such Representative, in consideration of an actual advance made by the Insured, is obligated and has agreed to account for and pay over such commissions to the Insured."

Appellant's specifications one and three in its motion for new trial do not present any question for our consideration. This was an appeal from a negative judgment and the burden was upon the appellant to establish the allegations of its complaint, and a decision against it cannot be corrected upon the ground that there is insufficient evidence to sustain it. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669, *Edwards* v. *Wylie* (1963), 193 N. E. 2d 70.

Assignment numbers two and four to the effect

that the findings of the court and the decisions of the court were contrary to law, together with the enumeration of the special findings of fact present a proper question for our consideration. We must determine whether or not the findings and decision of the trial court denied the appellant the relief to which it was entitled under the evidence. To determine this question we will consider only the evidence most favorable to the appellee, together with any reasonable inferences which may be drawn therefrom.

The evidence conclusively points to the fact that the appellant in drafting the acknowledgement of the money which Dykstra signed classified it as an advance.

We call attention to the case of *Enright* v. *United States* (1931), 54 F. 2d 182, 73 Ct. Cl. 416 the court had before it for consideration a contract which provided that certain money be advanced on the contract which was to be repaid to the government on the date of final completion of the contract or within thirty days of the forfeiture or cancellation. The court in discussing the character of the payments said:

> "It will be observed that this provision requires that the contractor shall repay any balance of the advance payment not repaid when the contract is completed or when it is canceled, within thirty days. But advance payments are not a loan. They are payments of sums that are expected to become due on the contract, and in the ordinary course of events do become due and are applied accordingly."

Also in the case of *Pargman* v. *Maguth* (1949), 2 N. J. S. 33, 64 A. 2d 456, being a decision of the Ap-

pellate Division, Part A, the court in discussing the matter of money advanced under a realty contract quoted with approval the following language:

"... 'In anticipation of royalty to be earned by the licensor' and 'such payments are to be charged against such royalty as will accrue to the licensor during the period of accounting in which the advance was made.' (Italics ours) "The word (advance) in its strictly etymological significance indicates money paid before or in advance of the proper time of payment, and implies a looking. forward to a time when the money will be due to the recipient.' 2 C. J. S., Advance, page 497."

It is our opinion that the money paid to Dykstra was an advance and as such was excluded from the coverage under the blanket bond by the provisions of Section 3; that the findings of the court and the decision of the court is not contrary to law and should be affirmed.

Judgment affirmed.

Faulconer P. J., Cooper and Ryan, JJ., concur.

NOTE.—Reported in 201 N. E. 2d 46.