TRUSTEES OF INDIANA UNIVERSITY *v.* COUNTY DEPARTMENT
OF PUBLIC WELFARE OF GREENE COUNTY.

[No. 20,088. Filed April 29, 1965.  Rehearing denied November 1, 1965.
Transfer denied December 8, 1965.]

*William S. Hall* and *Dowden, Denny, Caughran & Lowe,* of Indianapolis, for appellants.

*George E. Jackson,* of Bloomfield, and *Evens, Baker & Barnhart,* of Bloomington, for appellee.

CARSON, J.—This was an action brought in the Greene Circuit Court by the appellants, plaintiffs below, to recover from the appellee, defendant below, for medical services rendered to Angelia Anderson the minor child of Saul Anderson and Virgie Anderson, indigent parents. Angelia Anderson was born in the Greene County Hospital. Her mother was temporarily living with Stella Smith the maternal grandmother. The child was transferred from the Greene County Hospital to the Medical Center operated by the plaintiffs-appellants upon application of the father. Subsequently the child was released to the mother who returned with the child to the home of the maternal grandmother in Greene County. The plaintiffs-appellants billed the Vigo County Department of Public Welfare which department refused to accept responsibility. The appellants then billed the Greene County Department of Public Welfare for the medical care necessary for Angelia Anderson at the Riley Hospital and that department denied responsibility on the grounds that the debt was the responsibility of the Vigo County Department of Welfare based on the residence of the parents. Vigo County had denied liability on the basis that the child had never been in Vigo County. Suit was filed by the plaintiffs-appellants and the action was tried by the court. After special findings of fact and conclusions of law the court rendered judgment for the defendant-appellee.

The appellants filed their motion for new trial which reads as follows:

"1. The decision of the Court is not sustained by sufficient evidence.

2. The decision of the Court is contrary to law.

3. The court erred in sustaining Defendant's motion to find for the Defendant at the close of Plaintiffs' evidence.

4. The Court erred in refusing to admit Plaintiffs' Exhibit No. 5 into evidence, to which ruling the Plaintiffs at the time excepted.

5. The Court erred in sustaining Defendant's objection to Plaintiffs' Exhibit No. 5, to which ruling Plaintiffs at the time excepted."

The court overruled the motion for new trial and the appellants praeciped for this appeal assigning five errors which read as follows:

"1. The Court erred in overruling appellants' motion for a new trial.

2. The Court erred in its conclusion of law No. 1.

3. The Court erred in its conclusion of law No. 2.

4. The Court erred in its conclusion of law No. 4.

5. The Court erred in sustaining defendant's motion for a finding for the defendant at the conclusion of plaintiffs' evidence."

When errors are assigned attacking conclusions of law the evidence supporting the findings of fact are not before the Court for consideration, since the rule is that by attacking the conclusions of law, the evidence supporting the findings of fact are admitted as correct and the only question involved is whether or not the findings of fact support the conclusions. *Edwards* v. *Wyllie et al.* (1963), 193 N. E. 2d 70. *Property Owners, Inc. et al.* v. *City of Anderson* (1952), 231 Ind. 78, 82, 107 N. E. 2d 3.

For this Court to determine whether or not findings of fact support the conclusions it is necessary that they be before us for examination. We do not find the findings of fact anywhere in the appellants' brief and therefore assignments of error 2, 3 and 4 are waived. Assignment of errors 1 and 5 and assignments number 2 and 3 in the motion for new trial are all that are before the Court at this time.

The legal effect of propositions 2 and 3 of the motion for new trial which are also covered by points 1 and 5 in the assignments of error present the same question for consideration of the Court. We must not weigh the evidence but we consider the evidence to determine whether or not the Court erred as a matter of law.

The evidence in this case is in conflict. The record shows that the father was a resident of Vigo County and the mother testified that at the time the child was born there had been no consideration of a divorce between her and her husband and it was her intention to return to Terre Haute (Vigo County) after the child was born. Nowhere in the evidence do we find anything which would lead to the conclusion that the child was to remain in or return to Greene County until the mother removed the child from the hospital of the plaintiffs-appellants and took the child to the home of the maternal grandmother in Greene County.

The appellant has argued that the court's decision was contrary to law. Our Supreme Court in the case of *Pokraka et al.* v. *Lummus Company* (1952), 230 Ind. 523, 529, 104 N. E. 2d 669, said:

"To determine this question we will consider only the evidence most favorable to appellee, together with any reasonable inferences which may be drawn therefrom."

and further at page 532:

"It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law."

Applying the above rule and considering the evidence most favorable to the appellee and all reasonable inferences that can be drawn therefrom we do not think the court's decision was contrary to law.

Judgment affirmed.

Faulconer, C. J., Martin and Prime, JJ. concur.

ON PETITION FOR REHEARING

CARSON, J.—We have considered the petition to dismiss appellant's petition for rehearing and the objections to the petition to dismiss petition for rehearing and upon consideration of the same find:

That the petition to dismiss the petition for rehearing should be denied.

That the portion of our opinion which states that the findings of fact covered by assignments 2, 3 and 4 are not contained in the briefs was in error; that the appellant is correct in calling our attention to the fact that these findings were inserted by amendment to the original brief.

From our full re-consideration of the record we find nothing to support the position of the appellant asking a reversal of the decision of the trial court. The findings of fact are consistent with the conclusions of law rendered thereon by the court and in our opinion support the conclusions of law. From a consideration of the findings of fact as set out in the amended pages of appellant's brief we conclude that the decision of the trial court was not contrary to law; that our opinion affirming the decision of the trial court was and is correct; that the petition for rehearing should therefore be denied.

Petition for rehearing denied.

Prime, P. J. and Faulconer, J. concur.*

Wickens, J. not participating.

*While Judge Martin participated in the original opinion and concurred in that opinion, he was not present at the time of and did not participate in the adoption of this opinion.

NOTE.—Reported in 206 N. E. 2d 396. Rehearing denied, 211 N. E. 2d 48.