GUNN *v.* ENGLEBRIGHT.

[No. 20,514. Filed June 14, 1967. No Petition for Rehearing filed.]

*John L. Carroll* and *Johnson & Carroll,* of Evansville, for appellant.

*Robert Hahn,* and *Bamberger, Foreman, Oswald & Hahn,* of Evansville, for appellee.

CARSON, P. J.—This appeal comes to us from the Posey Circuit Court. It grows out of an action filed by the appellant as plaintiff against the appellee as defendant to recover damages

for a personal injury sustained by the appellant as a result of a rear-end collision between the automobile operated by the appellant and the automobile operated by the appellee. The issues were formed on the plaintiff's amended complaint to which the appellee, defendant below, filed an answer in one paragraph under Rule 1-3. The defendant-appellee, in his answer, admitted the collision but denied the charges of negligence. The cause was tried by a jury and a verdict was returned for the defendant-appellee against the plaintiff-appellant. Judgment was entered on the verdict and the appellant filed his motion for a new trial. The court overruled the appellant's motion for a new trial and the sole assignment of error was the action of the trial court in overruling the motion for a new trial. The specifications in the motion for a new trial may be summarized as follows:

1. The verdict of the jury is not sustained by sufficient evidence.

2. The verdict of the jury is contrary to law.

Specifications 3 through 15 inclusive, charged that the court erred in giving instructions requested by the defendant, being Instructions Nos. 9, 11, 14, 15, 16, 17, 20, 23, 24, 26, 28, 29 and 30.

Specifications 16 through 20 inclusive, charged the court with error in refusing to give instructions tendered by the plaintiff, being Nos. 3, 5, 6, 7 and 8.

Specification No. 1, in the motion for a new trial, to the effect that the verdict of the jury is not sustained by sufficient evidence, presents nothing for our consideration since this is an appeal from a negative judgment.

We shall reserve discussion of Proposition No. 2, that the verdict of the jury is contrary to law, until we have disposed of the specifications dealing with the instructions given and refused by the court.

Specifications 3 through 15 inclusive, deal with certain in-

structions requested by the defendant and given by the court. We are not going to burden this opinion by copying those instructions. We have read and examined each of them carefully and find that there is no merit to the objections raised by the appellant. None of said instructions is mandatory in form; they are all supported in the record by some evidence developed either as the plaintiff's case in chief or by the cross-examination of the defendant's witnesses by the plaintiff. Much of the argument of the appellant is devoted to Instruction No. 9, which raised the question of risk or danger. Evidence tending to make this a question in the case for the jury's consideration was specifically developed by the plaintiff in the cross-examination of the defendant's witnesses. Further, the plaintiff-appellant, by tendering his Instruction No.1, which was given by the court and which used language, "imminent danger" or "imminent peril," invited the error if any. We find no grounds for a reversal in the specifications contained in the plaintiff-appellant's motion for a new trial with respect to the instructions tendered by the defendant-appellee and given by the court.

The plaintiff-appellant next charges error with respect to the court's refusal to give certain instructions tendered by the plaintiff. A careful examination of all of the instructions given by the court, satisfies us that the instructions that were given, were adequate and covered the plaintiff's requests, and therefore the jury was fully and fairly instructed in the action.

Specification No. 2, of the motion for a new trial, asserts that the verdict of the jury is contrary to law. As this court has repeatedly stated, this assignment requires us to apply the rule set out by our Supreme Court in the case of *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, at page 532, 104 N. E. 2d 669, which rule reads as follows:

"It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached

an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law."

This rule was affirmed in the case of *Hinds, Executor Etc.,* v. *McNair, et al.* (1955), 235 Ind. 34, 129 N. E. 2d 553, and has been followed in many opinions by this court. We think the application of that rule to the evidence in this case, indicates that the jury arrived at a just result.

Being of the opinion that the instructions taken as a whole, fully and fairly charged the jury with its responsibility in this case; that they placed before the jury the issues framed by the pleadings; contained correct statements of abstract law and were supported by evidence; that the evidence was in conflict and therefore presented questions for jury deliberation; that the jury had an opportunity to weigh the evidence and determine the creditability of witnesses; we conclude that this case was fully and fairly tried and that the verdict and judgment should be affirmed.

Judgment affirmed.

Faulconer, J., and Prime, J., concur.

While Wickens, J., participated in the hearing of the oral argument and conference of the Judges above named, he did not participate in the adoption of this final opinion.

NOTE.—Reported in 226 N. E. 2d 900.