## WELLS v. PERKINS ET AL.

[No. 20,475. Filed June 28, 1967. Rehearing denied October 4, 1967. No Petition to Transfer filed.]

*Lynn O'Neill* and *O'Neill & O'Neill,* of Logansport, and *Albert W. Ewbanks,* of Indianapolis, for appellant.

*Tom F. Hirschauer* and *Miller, Tolbert & Hirschauer,* of Logansport, for appellees.

FAULCONER, J.—Appellant brought this action against appellees seeking damages for personal injuries she allegedly received when she fell down the basement stairs in appellees' home while inspecting the house which appellees were offering for rent. After trial the jury returned a verdict for the appellees and judgment was duly entered thereon. The trial court's overruling of appellant's motion for new trial is the only assigned error on appeal. Appellant argues only that the verdict is contrary to law.

"If the undisputed evidence entitles the one who has the burden of proof to a verdict which has been denied

him, such verdict is contrary to law." *Hinds, Executor Etc.* v. *McNair, et al.* (1956), 235 Ind. 34, 41, 129 N. E. 2d 553.

"It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law." *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669.

The allegations of appellant's complaint pertinent to the issues in this appeal read as follows:

"3. That the co-defendant, R. M. Carey, took the plaintiff into various rooms of the dwelling, and that during said visit by the plaintiff, the plaintiff herein inquired of the agent of the defendants, R. M. Carey, the location in the dwelling of the bathroom, and that said R. M. Carey directed the plaintiff herein to a door down the hall, representing to her that said door led to the bathroom of the dwelling.

"4. Plaintiff further alleges that she approached the door designated by the co-defendant, as herein alleged, opened the same for the purpose of entering the bathroom, but that said door was the door to the stairway leading into the basement of said dwelling and not a door to the bathroom. That the plaintiff, upon the opening of said door, fell from the first floor of said dwelling to the floor of the basement down the stairs, and thereby sustained permanent injuries, as hereinafter alleged.

"5. Plaintiff further alleges that the injuries so sustained by the plaintiff were due to the carelessness and negligence of the defendants, by their agent, R. M. Carey, in failing to warn the plaintiff of the proper use of the aforementioned door. That the defendants carelessly and negligently failed to maintain the property in a secure and safe manner by providing light.

"6. That the defendants carelessly and negligently failed to properly warn and notify the plaintiff of the presence of the stairway to which the door led, as herein referred.

"7. Plaintiff further alleges that the defendant agent, R. M. Carey, had full knowledge of the dangerous condition of the dwelling at the time he directed the plaintiff herein to the use of the door, as herein alleged."

These allegations were denied by appellees, and appellees, by way of second paragraph of answer, alleged appellant was contributorily negligent, to which appellant filed reply in general denial.

The issue of appellees' negligence and appellant's contributory negligence, as alleged, was for the jury under the evidence in this cause. The evidence of whether or not appellant inquired of appellee-Carey the location of the bathroom and whether or not the latter directed the former to a door down the hall is in direct conflict. Likewise is the evidence of whether or not appellee-Carey was even in the house with the appellant at the time of the accident. Furthermore, we are of the opinion, upon reviewing the evidence, that reasonable minds could reach different conclusions therefrom as to whether the duty appellees, as invitors, owed appellant, as invitee, under the circumstances of this case, was breached, and that such breach, if any, was the proximate cause of appellant's injuries.

We find no error in the giving, over objections of appellant, of appellees' Instructions Nos. 6, 8 and 12.

Appellant states that although she does not contend that the answers to certain interrogatories are in irreconcilable conflict with the general verdict or that there was error in giving Interrogatories Nos. 6, 21 and 27, such answers are not sustained by the evidence. We have carefully reviewed the evidence and cannot agree with this conclusion of appellant.

We are of the opinion that no reversible error has been demonstrated and, therefore, the judgment of the trial court should be affirmed.

Judgment affirmed.

Carson, P. J., Cooper and Prime, JJ. concur.

NOTE.—Reported in 227 N. E. 2d 692.