JACQUELYN KAY FLOWERS *v.* WILLIAM LEWIS FLOWERS.

[No. 1271A251. Filed December 7, 1972.]

*Dean E. Richards, De Witt, Richards & Manahan,* of Indianapolis, for appellant.

*Jack B. Campbell, Campbell, Campbell & Mattingly,* of Anderson, for appellee.

WHITE, J.—Appellant, former wife of appellee, appeals from a post-judgment (divorce) order entered July 9, 1971, which reads as follows:

"Court now finds that the defendant is ordered to pay $55.00 per week as support for minor children of the parties, first payment to be made September 3, 1971 and

each week thereafter, until further order of this Court. All payments to be made through the Clerk's Office.

"Plaintiff ordered to comply with property settlement agreement of December 2, 1968 as to Federal Income Tax exemptions.

"Defendant ordered to pay plaintiff's attorney the sum of $50.00 within 60 days of even date for the bringing of this action.

"Defendant to have minor children in his custody from August 15, 1971 until August 30, 1971, during which time the support shall abate."

In the divorce decree (rendered December 2, 1968) which the above order modified it had been ordered:

". . . that the plaintiff [appellant-wife here] should be awarded the care and custody of the minor children of the parties . . . with reasonable visiting privileges granted to defendant [appellee-husband]. . . .

". . . that the defendant . . . pay Forty Five ($45.00) per week into the office of the Clerk of . . . [the Superior Court of Madison County] for the support of his minor children until further order of this Court.

". . . that the agreement entered into by and between the parties hereto is ordered complied with according to the terms and conditions set out therein. . . ."

That portion of the agreement entered into by the parties which appellant-wife considers relevant to this appeal is the agreed upon $45.00 per week for support of the minor children and the further agreement ". . . that the defendant [appellee-husband] . . . *shall take the three (3) minor children as his exemptions for income tax purposes."[1]

The order here on appeal is the result of appellant-ex-wife having petitioned the trial court to increase the support for the minor children from $45.00 to $70.00 per week. Appellee-ex-husband counter-petitioned to change custody from appellant to himself. A hearing was had at which both parties testified and both were represented by counsel. During the

---

1. Such an agreement is permissible under 26 U.S.C. § 152 (e) (2) (A) (1970).

examination of the appellant-wife, she testified that for the immediately preceding two years, 1969 and 1970, she had claimed the children as tax exemptions. The hearing was recessed until a later date and the judge announced that he would talk to the oldest child in chambers, which he did. What then occurred is stated in a letter which appellant's attorney (not her appeal counsel) wrote to her. In pertinent part it reads:

"After you left the Court Room, the Judge indicated to Mr. Campbell and myself that he had already determined the entry he was going to make in this matter. Consequently, I did not then see any necessity of introducing further evidence, as it was apparent that the Judge was not going to change the custody of the children from you to Mr. Flowers. Therefore, the practical effect of the Court's entry is to find for you and against Mr. Flowers upon his petition to change custody. The Court also found for you, and against Mr. Flowers, upon your petition to modify the decree as to support. The Court ordered the support increased to $55.00 per week, commencing September 3, 1971 and each week thereafter. Again, from a practical standpoint, the Court gave you one-half of the salary increase that has been enjoyed by Mr. Flowers since the date of your divorce. You will note further, that the Court did order that the children be with Mr. Flowers for visitation from August 15 until August 30, 1971, during Mr. Flowers' vacation period. Also, the Court ordered you to comply with the property settlement and decree concerning Mr. Flowers' right to claim the children for Income Tax Dependency purposes."

Although it appears to us that the letter correctly appraises the effect of the court's order as a finding for appellant and against appellee, appellant's motion to correct errors succinctly states what is the gist of this appeal:

". . . petitioner is complaining of said order due to the fact that the petitioner comes out under said order with a net loss of $14.00 per week.

"5. The petitioner feels that the Court was not aware before making his ruling that the increase of support to $55.00 per week and taking away and ordering the plaintiff to comply with the property settlement agreement pertain-

ing to the Federal Income Tax Exemptions for the children, that this had an effect of having caused the plaintiff a net loss of $14.00 per week due to the court order."

With reference to the court's direction to the plaintiff to comply with the terms of property settlement agreement, we fail to understand how she is in any position to claim a *right* not to comply. Her breach of that contract for two years hardly seems either an equitable or a legal foundation on which to build such a claim.

She argues that she was denied a fair trial by the court's "sudden" decision without giving her an opportunity to present further evidence, but the only evidence she suggests she would have presented had she been given the opportunity "would have shown that *by giving the defendant the Federal Income Tax Exemption . . .* [and increasing the support $10.00 per week] the net effect of the modification was to cause the plaintiff a net loss of fourteen ($14.00) dollars per week." (Italics ours.) The obvious fallacy of that argument is that the modification order did not give the exemption to the defendant. Plaintiff gave him that by her execution of the property settlement agreement which the court approved at the time of the divorce, not as a part of the modification.

Appellant-wife's argument that she was denied a fair trial is also based on her supposition that the trial court's decision was affected by an "extra-judicial inquiry of which there is no record, i.e., a conference with the parties' attorneys in judge's chambers outside the presence of the plaintiff." (Quoting appellant's brief, page 9.) Not only is there no record of such an "inquiry," but no bill of exceptions or other attempt to insert into the record any proof that there was such an "inquiry" at such a conference. But, more important, no attempt to show that there is anything improper, *per se*, in the court conferring with counsel in chambers out of the presence of the parties was made.

Insofar as the order appealed from may have failed to award to the appellant everything she asked for, or anticipated

obtaining, it amounts to a negative judgment. As to such a judgment the contention that it is not supported by sufficient evidence raises no issue, *Pokraka* v. *Lummus* (1952), 230 Ind. 523, 104 N.E.2d 669, and appellant has neither contended nor suggested that all the evidence and all the reasonable inferences therefrom demand a decision contrary to that reached by the trial judge.

Having been shown no reversible error, we hold that the judgment must be, and is,

Affirmed.

Buchanan, P.J., and Sullivan, J., concur.

NOTE.—Reported at 289 N.E.2d 797.