McGUIRE *v.* UNIVERSAL GEAR CORPORATION.

[No. 16,216. Filed January 16, 1939.]

*H. Roy Condrey* and *Harney F. Semones,* for appellant.

*Ralph B. Gregg* and *Edward J. Fillenworth,* for appellee.

LAYMON, J.—On the 27th day of December, 1937, appellant filed her application for the adjustment of a claim for compensation with the Industrial Board of Indiana, alleging, among other things, that Frank R. McGuire died on December 20, 1937, as the proximate result of personal injuries received by him on July 17, 1936, by reason of an accident arising out of and in the course of his employment with appellee, and that said decedent left surviving him, as his only dependent, the appellant, his wife.

The cause was first submitted for hearing before a single member of the board who found for appellant and awarded compensation. Upon review, the full board, among other things, found by a majority of its members "that the death of the said Frank McGuire was not due directly or indirectly to any accidental injury arising out of and in the course of his employment with the defendant." The board entered an award denying appellant compensation, and it is from this award that appellant has appealed, assigning as error that it is contrary to law.

The principal question presented by this appeal is whether or not there is any evidence to sustain the finding that the death of appellant's decedent was not due directly or indirectly to any accidental injury arising out of and in the course of his employment with appellee. It must be conceded, under numerous decisions of this court, that such question was one of fact to be determined by the board, and if there is any competent evidence in the record to sustain such finding, the award cannot be disturbed.

The record discloses that a number of medical witnesses testified, and considerable medical testimony was submitted upon the question of whether decedent's injuries contributed to or resulted in his death. A careful examination of the evidence discloses that there is ample medical testimony to sustain the finding of the board. There is, of course, some to the contrary. This being true, we must conclude that there is a conflict in the evidence. Under such circumstances the question of fact—whether decedent's injuries resulted in his death—was for the determination of the board, and the finding of the board being sustained by some evidence, we cannot review the action of the board in this regard.

Appellant argues in her brief, and counsel for appellant in oral argument contended, that inasmuch as the cause was first heard by a single member of the Industrial Board, who found in favor of and awarded appellant compensation, and since there was some evidence to sustain the finding of the single member, that upon review by the full board, the full board is acting in the capacity of an appellate tribunal and is bound to sustain the finding made by the single member. Obviously appellant is in error in the construction of section 60 of the Workmen's Compensation Act (Acts 1929, ch. 172, p. 536, §40-1511 Burns 1933, §16436 Baldwin's 1934), which provides:

"If an application for review is made to the board within seven [7] days from the date of an award, made by less than all the members, the full board, if the first hearing was not held before the full board, shall review the evidence, or, if deemed advisable, hear the parties at issue, their representatives and witnesses as soon as practicable and shall make an award and file the same with the finding of the facts on which it is based and send a copy thereof to each of the parties in dispute, in like manner as specified in the last foregoing section."

This section of the statute contemplates that upon a review by the full board, the proceedings shall be in the nature of a hearing *de novo* and that the Industrial Board shall not be bound by the finding of a single member. Furthermore, such contention as is here made was answered by this court in the case of *Bell* v. *Mutual Home & Savings Ass'n* (1938), 105 Ind. App. 246, 14 N. E. (2d) 738.

Finding no reversible error, the award is affirmed.