TOM'S CHEVROLET SALES ET AL. *v.* CURTIS

[No. 18,981. Filed January 24, 1958.]

*Armstrong, Gause, Hudson & Kightlinger, Erle A. Kightlinger* and *Mark W. Gray,* all of Indianapolis, for appellants.

*Cole, Wildman & Cole* and *R. J. Wildman,* both of Peru, for appellee.

CRUMPACKER, J.—On November 18, 1955, the appellee filed an application with the Industrial Board of Indiana for the review of an award because of a change in conditions in that his temporary total disability, for which he had theretofore been awarded compensation, had resulted in his permanent partial impairment as a whole man. Upon the hearing of this application the following finding and award was entered:

"The Full Industrial Board having heard the arguments by counsel and having reviewed all the evidence in said cause and being sufficiently advised in the premises therein now finds that on the 28th day of July, 1953 the plaintiff was in

the employ of the defendant at an average weekly wage in excess of $50.00; that on said date he sustained personal injuries by reason of an accident arising out of and in the course of his employment with the defendant, of which the defendant had knowledge and did furnish the statutory medical attention and supplies; that the said accidental injury consisted of an injury to the plaintiff's back; that thereafter on the 23rd day of March, 1954, the Industrial Board of Indiana approved a compensation agreement entered into by said parties; that pursuant to the said compensation agreement the defendant paid plaintiff compensation at the rate of $30.00 per week for intermittent periods of temporary total disability to June 1, 1954 in total amount of $702.87. . . . .

"It is further found that the plaintiff filed his Form 14 application for review of award on account of a change in conditions on November 18, 1955, which is less than two years from the last date for which compensation was paid, namely, June 1, 1954.

"It is further found that the plaintiff's condition has now reached a permanent and quiescent state and as a result of the said accidental injury he has sustained a 20% permanent partial impairment to the man as a whole; that prior to the filing of plaintiff's application a good faith effort was made by said parties to adjust said claim, which effort resulted in disagreement between the parties.

"The Full Industrial Board now finds for the plaintiff and against the defendant on plaintiff's Form 14 application for review of award on account of change in conditions, filed on November 18, 1955.

## AWARD

"IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED by the Full Industrial Board of Indiana that there be awarded plaintiff as against defendant compensation at the rate of $30.00 per week, beginning the 28th day of July, 1953 for a specific period of one hundred (100) weeks for a 20% permanent partial impairment to the man as a whole on account of the said accidental injury. . . . . "

The appellants contend that this award is contrary to law because the undisputed evidence compels the conclusion that the initial accident resulting in the appellee's injuries occurred on July 28, 1953. That the permanent partial impairment of which he now complains was the direct result of and began at the time of such accident and therefore these proceedings, having been filed on November 18, 1955, are barred by the two-year limitation imposed thereon by §24 of the Workmen's Compensation Act, being §40-1224, Burns' 1952 Replacement.

The appellee, on the other hand, contends that the evidence supports the conclusion that his present permanent partial impairment is a later and resultant development and did not begin with the accident and therefore it amounts to a "change of conditions" and these proceedings are governed by §45 of the Workmen's Compensation Act, being §40-1410, Burns' 1952 Replacement, wherein it is provided that an application for the modification of an award due to a "change of conditions" may be commenced anytime before the expiration of two years from the last day for which compensation was paid under the original award. That said day was June 1, 1954, and as the present application for compensation was filed on November 18, 1955, it is well within the limitation imposed by said §45.

The following facts seem to be undisputed: On July 28, 1953, the appellee, while in the performance of his duties as an employee of the appellant, suffered an accidental injury to his back whereby the intervertebral discs between the 4th and 5th lumbar vertebrae and between the first sacral and the 5th lumbar vertebrae slipped from their normal positions. By reason thereof the appellee was hospitalized from August 28, 1953, until September 2, 1953, during which time a myelo-

gram was performed and he was put in traction and later fitted to a back brace. After he left the hospital on September 2, 1953, he went back to light work but was seen by his doctor at intervals as an out patient. In March 1954 he suffered a severe recurrent episode of low back and radiating sciatic pain because of which he was again hospitalized on March 21, 1954, and a laminectomy decompression was performed to clear the spinal canal of the discs and to remove a loose bone spicule therefrom. His post-operative recovery was satisfactory and he was discharged from the hospital on April 1, 1954, and returned to light work. From this time on he suffered frequent episodes of recurrent pain in the lower back radiating along the sciatic nerves in his legs. On or about August 14, 1956, exclusive of surgery to fuse the spine, his condition reached a quiescent state and he was found to be 20 to 25 percent impaired as a whole man. In the meantime on October 23, 1953, an agreement for compensation for temporary total disability was filed with and approved by the Industrial Board and compensation paid from August 24, 1953, to November 9, 1954. On March 2, 1954, a second agreement for compensation for temporary total disability was filed with and approved by the Industrial Board and compensation paid thereunder from March 6 to June 1, 1954.

Two sections of the Workmen's Compensation Act are involved in the question before us. The first is §24 as amended, being §40-1224, Burns' 1952 Replacement, which reads as follows:

"The right to compensation under this act (§§40-1201—40-1414, 40-1503—40-1704) shall be forever barred unless within two (2) years after the occurrence of the accident, or if death results therefrom, within two (2) years after such death, a claim for compensation thereunder shall be filed with the industrial board."

The second pertinent section of the Act is §45 as amended, being §40-1410, Burns' 1952 Replacement, which reads as follows:

"The power and jurisdiction of the industrial board over each case shall be continuing, and, from time to time, it may, upon its own motion or upon the application of either party, on account of a change in conditions, make such modification or change in the award, ending, lessening, continuing or extending the payments previously awarded, either by agreement or upon hearing, as it may deem just, subject to the maximum and minimum provided for in this act (§§40-1201—40-1414, 40-1503—40-1704).

"Upon making any such change, the board shall immediately send to each of the parties a copy of the modified award. No such modification shall affect the previous award as to any money paid thereunder.

"The board shall not make any such modification upon its own motion, nor shall any application therefor be filed by either party after the expiration of two (2) years from the last day for which compensation was paid under the original award made either by agreement or upon hearing, except that applications for increased permanent partial impairment are barred unless filed within one (1) year from the last day for which compensation was paid. The board may at any time correct any clerical error in any finding or award."

The Workmen's Compensation Act provides compensation for two classes of harms, to-wit: disability for work, which may be partial or total, temporary or permanent, and the permanent partial impairment of a member of the body or of the man as a whole. It is held in *Fashion Thimble Shoe Company* v. *Withrow* (1942), 110 Ind. App. 668, 40 N. E. 2d 359, that: "If a permanent partial impairment for which claim is made, is the direct result of an accident, the claim may be filed within two years, as an original action, under §40-1224, Burns' 1940

Replacement; but if the impairment is the result of a temporary disability, it must be filed within one year after final payment for the temporary disability, as a change of conditions, under §40-1410, Burns' 1940 Replacement." Since the Withrow decision the one year limitation on actions to review awards for a "change in conditions" has been increased to two years from the last day for which compensation was paid under the original award. As the appellee's present application for compensation, upon which the award in controversy is based was not filed within two years from the date of the accident it is obvious that, if said award is to be sustained, there must be substantial evidence in the record tending to prove that the appellee's present permanent partial impairment as a whole man is the end result of his disability and not the immediate effect of the accident, in which event the present application for compensation could have been filed as late as May 31, 1956.

The accident here involved occurred on July 28, 1953. The appellee was first examined by a doctor on August 25, 1953, which disclosed protrusion defects between the 4th and 5th lumbar vertebrae and between the 5th lumbar and the 1st sacral vertebrae. A laminectomy was performed on March 21, 1954, during which the canal was cleared of a disc and a loose bone spicule was removed therefrom. From that time on the appellee suffered recurrent episodes of temporary total disability after each of which his condition improved. Under such circumstances, according to the testimony of Dr. Richard W. Halfast, "it is difficult to answer whether his condition is permanent or may progress for better or worse." It was not until August, 1955, that Dr. Halfast concluded that the appellee's improvement had reached its maximum and left him with a 20 to 25 percent impairment

of the man as a whole. We believe the above evidence is sufficient to support the Industrial Board in its conclusion that the permanent partial impairment the appellee now suffers is resultant and not direct and therefore compensable as a changed condition under §45 of the Workmen's Compensation Act, being §40-1410, Burns' 1952 Replacement.

Claim therefor having been filed within the limitations provided by said section, the award must be affirmed.

NOTE.—Reported in 147 N. E. 2d 571.