EVANS v. ENOCO COLLIERIES, INC.

[No. 19,727. Filed December 7, 1964. Rehearing denied December 30, 1964. Transfer denied March 9, 1965.]

*Paul P. Boyle*, of Terre Haute, for appellant.

*Howard T. Batman, James V. Donadio, Geoffrey Segar*, and *Ross, McCord, Ice & Miller*, of counsel, of Indianapolis, for appellee.

RYAN, J.—The appellant filed his Form 14 with the Industrial Board, requesting a review of a previous award for permanent partial impairment because of a change in condition. Appellee filed its motion to dismiss on the ground that the Form 14 was not timely filed and thus the Board was without jurisdiction to hear such cause. The motion to dismiss was sustained, and the appellant now appeals to this court.

The appellant had previously been awarded compensation for a thirty per cent (30%) permanent partial impairment to the man as a whole, and he was to receive one hundred and fifty (150) weeks compensation from September 24, 1956. The Form 14 application had been filed on December 9, 1960, and the payment of compensation under the award of the Board was paid for a period from September 24, 1956 to August 10, 1959. Appellant now contends that the Board had jurisdiction by virtue of Burns' §40-1410, since he contends that his Form 14 was filed within one (1) year from the last date for which compensation was paid.

This section of the statute provides for the continuing jurisdiction of the Board:

". . . except that applications for increased permanent partial impairment are barred unless filed within one (1) year from the last date for which compensation was paid."

In this case the Industrial Board had approved an agreement between the parties which provided:

" . . . that said compensation shall be payable for 150 weeks for 30% permanent partial impairment to the man as a whole, with credit for all compensation paid over 26 weeks, from and including the 24th day of Sept. 1956 until terminated in accordance with the provisions of the Workmen's Compensation Law of the State of Indiana."

Such agreement, upon approval by the Board, became binding upon the parties and was effectual as any award the Board might have made.

The controlling period which determines the jurisdiction of the Board was fixed by this award, under which the appellee was obligated to, and did pay, one hundred and fifty (150) weeks compensation from September 24, 1956, and ending on August 10, 1959. Thus the last day of the one hundred and fifty (150) week period expired on August 10, 1959. The appellant having filed his Form 14 on December 6, 1960, was not within the one (1) year period as provided for by the statute, and thus the Board had no choice but to dismiss such application upon a showing to it of the previous award and the payments which were made thereunder. *Milner* v. *Radio Corporation of America* (1964), 136 Ind. App. 218, 195 N. E. 2d 875; *Wilson* v. *Betz Corporation, et al.* (1959), 130 Ind. App. 83, 159 N. E. 2d 402.

While appellant further contends that there was error because he was not permitted to introduce additional evidence, there is no requirement that the Board permit additional evidence to be presented upon a review by the Full Board. This is discretionary, and unless such discretion is abused it is not subject to review. *Ruegamer* v. *Haynes Stellite Company* (1960), 130 Ind. App. 695, 167 N. E. 2d 725. We are unable to see where this contention of appellant has any merit.

There being no reversible error, the decision is affirmed.

Carson, Clements* and Cooper, JJ., concur.

NOTE.—Reported in 202 N. E. 2d 595.