## BURTON v. ROCK RD. CONSTRUCTION CO.

[No. 20,749. Filed April 8, 1968. Rehearing denied December 12, 1969.]

*Peter B. Stewart,* and *Stewart, Irwin, Gilliom, Fuller & Meyer,* of counsel, of Indianapolis, for appellants.

*Geoffrey Segar, Edward J. Ohleyer,* and *Ice, Miller, Donadio & Ryan,* of Counsel, of Indianapolis, for appellee.

PRIME, J.—Appeal from a decision of the Full Industrial Board denying compensation to the appellant for disability

received from an accident arising out of and in the course of his employment.

A Motion to Dismiss or Affirm was filed by the appellee in this cause which has been held in abeyance. This court prefers to decide all appeals on the merits whenever possible and we believe this case should be so decided. The Motion to Dismiss or Affirm is therefore overruled.

The facts were stipulated that the plaintiff-appellant was injured on June 15, 1964, when he fell from a ladder on a water tank truck suffering injuries to his nose, face, and head. He alleged that he suffered dizzy spells, fainting spells, and permanent disability.

Appellant filed his claim on Form 9 according to procedure of the statute and a hearing was conducted by a Hearing Member of the Industrial Board.

On September 31, 1965, the Hearing Member made the following findings and award:

"That on June 15, 1964, plaintiff was in the employ of the defendant at an average weekly wage in excess of Seventy Dollars ($70.00), and on said date received an accidental injury arising out of and in the course of his employment with the defendant; of which said accident and injury the defendant had knowledge and furnished and paid for statutory medical attention and supplies.

That plaintiff's accidental injury of June 15, 1964 resulted in no compensable temporary total disability.

That plaintiff's injury as a result of his accident of June 15, 1964 has reached a permanent and quiescent state and has resulted in no permanent partial impairment to the body as a whole or any part thereof.

Said Hearing Member now finds for the defendant and against the plaintiff on plaintiff's Form No. 9 Application filed January 27, 1965.

AWARD

IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED BY the Industrial Board of Indiana that the plaintiff shall take nothing by his Form No. 9 Application

·filed January 27, 1965, and that he shall pay the costs, if any taxed in said cause."

On October 4, 1965, the appellant filed Form 16 for a review by the Full Board.

On June 2, 1966, the appellant filed Form 14 application alleging in part: ". . . said injury has resulted in partial impairment . . ."

The Full Board conducted a hearing on February 15, 1967, and on February 17, 1967, made the following findings and award:

"That on the 15th day of June, 1964, the plaintiff was in the employ of the defendant at an average weekly wage in excess of $70.00; that on said date he sustained personal injuries by reason of an accident arising out of and in the course of his employment with the defendant, of which said accidental injury the defendant had knowledge and did furnish and pay for the statutory medical attention and supplies; that the said accidental injury consisted of an injury to the plaintiff's nose and face.

It is further found that the said plaintiff's injury did not result in any compensable temporary total disability, and that the said plaintiff is not temporarily totally disabled on account of the said accidental injury at this time.

It is further found that the said plaintiff's injury has reached a permanent and quiescent state and has resulted in no permanent partial impairment to the plaintiff's body as a whole or any part thereof.

That prior to the filing of plaintiff's Application a good faith effort was made by said parties to adjust said claim, which effort resulted in a disagreement between the parties. Said Full Industrial Board of Indiana now finds for the defendant and against the plaintiff on plaintiff's Application Form 9 for the adjustment of claim for compensation, filed on the 27th day of January, 1965.

## AWARD

IT IS THEREFORE, CONSIDERED, ORDERED AND ADJUDGED BY the Full Industrial Board of Indiana that the plaintiff shall take nothing by his Application Form 9

for the adjustment of claim for compensation filed on the 27th day of January, 1965, and that he should pay the costs, if any, taxed in said cause."

The grounds urged for reversal in support of the contention that the award is contrary to law are:

I. There was no finding on the issue of permanent total disability which was before the Board.

II. The Board made a finding of no permanent partial impairment when the issue of impairment was not before the Board.

III. The Board acted arbitrarily and capriciously in that it made a finding that the plaintiff "is not temporarily totally disabled on acount of said accidental injuries *at this time*," though no new evidence was introduced before the Full Board and plaintiff did not testify.

As to Proposition III we do not agree that the Board acted arbitrarily or capriciously by finding that "the plaintiff was not temporarily totally disabled *at this time*." The appellant seems to infer that the words *"at this time"* indicate that the Full Board considered new evidence not presented at the original hearing before the Hearing Member and that this cannot be done on review. It has been held that a Full Board Hearing is regarded as a hearing de novo. The Board can make its own findings and determinations. *McGuire v. Universal Gear Corp.* (1939), 106 Ind. App. 107, 18 N. E. 2d 474.

Proposition II contends that the issue of impairment was not before the Board and therefore a finding of impairment was prejudicial and contrary to law.

Although plaintiff's Form 9 Application was based upon disability, the record discloses evidence pro and con regarding impairment. In Industrial Board matters the application is considered to be amended to conform to the evidence. Therefore the finding concerning impairment was proper.

The contention of the appellant urged by Proposition I is that the Board did not make a finding on the issue of *permanent total disability*. We agree with this contention.

In *DeArmond* v. *Myers Gravel and Sand Corporation* (1968), 142 Ind. App. 60, 12 Ind. Dec. p. 210, 231 N. E. 2d 864, an opinion handed down by Judge Carson of this court, we find language defining the function of appellate courts in respect to findings of fact by the Industrial Board. That case cites with approval the case of *Saginaw Broadcasting Co.* v. *Federal Communications Commission* (1938), 96 Fed. 2d 554. This language appears:

". . . necessarily includes at least four parts: (1) evidence must be taken and weighed, both as to its accuracy and credibility; (2) from attentive consideration of this evidence a determination of facts of a basic or underlying nature must be reached; (3) from these basic facts the ultimate facts, usually in the language of the statute, are to be inferred, or not, as the case may be; (4) from this finding the decision will follow by the application of the statutory criterion."

Further:

"The requirement that courts, and commissions acting in a quasi-judicial capacity, shall make findings of fact, is a means provided by Congress for guaranteeing that cases shall be decided according to the evidence and the law, rather than arbitrarily or from extralegal considerations; and findings of fact serve the additional purpose, where provisions for review are made, of apprising the parties and the reviewing tribunal of the factual basis of the action of the court or commission, so that the parties and the reviewing tribunal may determine whether the case had been decided upon the evidence and the law or, on the contrary, upon arbitrary or extralegal considerations. When a decision is accompanied by findings of fact, the reviewing court can decide whether the decision reached by the court or commission follows as a matter of law from the facts stated as its basis, and also whether the facts so stated have any substantial support in the evidence. In the absence of findings of fact, the reviewing tribunal can determine neither of these things."

"The statute does not contemplate that the functions of the Industrial Board may be assumed by the courts. The better practice would appear to be to remand the proceeding to the board with directions for it to discharge its statutory duty by finding the essential facts, and by entering an award based thereon. When that has been done any party feeling aggrieved may have a judicial review according to the established practice." *Cole* v. *Sheehan Construction Co.* (1944), 222 Ind. 274, 53 N. E. 2d 172.

This case should be remanded to the Industrial Board with directions to make a proper finding or findings based upon the issue of permanent total disability and to enter an award upon such findings. It is so ordered.

Cause remanded.

Carson, C. J., Cooper, Faulconer, JJ., concur.

NOTE.—Reported in 235 N. E. 2d 210.