PALMERI *v.* RIGGS-SARGENT, INC.

[No. 1169A210. Filed September 8, 1970. Rehearing denied September 29, 1970. Transfer denied February 1, 1971.]

*John M. Lyons,* of Valparaiso, for appellant.

*Larry G. Evans,* of Valparaiso, for appellee.

LOWDERMILK, C. J.—The issue presented to this court for review is whether the Industrial Board of Indiana properly dismissed appellant's petition for adjudication of permanent-partial disability as it was not filed within the two year limitation from the last day for which compensation was paid under the original award of the Industrial Board, dated February 16, 1966.

The chain of events in this cause is as follows. On April 12, 1965, appellant, plaintiff below, sustained an injury while in the course of his employment with appellee, defendant below. Four months later, on August 16, 1965, appellant timely filed his application of injured employee, which is Form No. 9. Defendant then filed its special answer on October 22, 1965, which alleges, in substance, that appellant refused medical attention offered by the employer. A hearing was had by the single hearing officer and on October 29, 1965, an award was made for plaintiff, compensating him for temporary total disability at the rate of $45.00 per week, beginning the 5th day of May, 1965, until the 23rd day of July, 1965. This award also included certain hospital and medical expenses and attorney fees.

Defendant appealed this decision to the full Board and on the 16th day of February, 1966, the full Board affirmed the single hearing officer. Thereafter, on December 9, 1968, plaintiff filed his Petition for Adjudication of Permanent Partial Disability, to which appellee filed its special answer, alleging that the petition was not timely filed since it was beyond the statutory limitation of two years. Thus, the full Board, on October 13, 1969, sustained the individual hearing officer and dismissed appellant's petition for adjudication of permanent partial disability. Subsequently, appellant filed his assignment of errors, alleging that the award of the Industrial Board is contrary to law.

Appellant argues that his original Form 9 application, which was timely filed four months after the accident, included a request for permanent partial disability in addition to total temporary disability. He further maintains that the request for permanent partial disability was never ruled on by either the individual hearing member or the full Board and that his petition for adjudication of permanent partial disability which was filed over two years later was nothing more than a request for a hearing on an issue timely filed four months after the accident. Appellant also contends that because of the nature of the special answer, he was denied an opportunity to submit the necessary facts to the Board which would enable them to determine whether he had been permanently disabled. In essence, appellant, in his final prayer, asks this court to adjudicate what apparently has not been adjudicated.

Appellee contends, however, that appellant's petition for adjudication of permanent partial disability is an application to modify the award of the full Industrial Board of February 16, 1966, and thus has not been timely filed, pursuant to Burns' Stat. § 40-1410, because it was filed more than two years from the last day for which compensation was paid under the original award.

The two year limitation on filing for modifications is not the issue that this court is to concern itself with in the case at bar.

We are confronted with the issue as to whether the award of the full Board on appellant's Form 9, which was silent as to permanent partial disability, was a full and final adjudication of Form 9 in its entirety.

Pursuant to the new Rules of the Supreme Court, this court made a complete search of the transcript, to the end that justice might prevail. The transcript was silent on the issue of permanent partial impairment and the court remanded the cause to the full Industrial Board, which was

directed to make and enter its findings on that part of Form 9 as to permanent partial impairment.

The full Board promptly responded and filed its response to said order, which, omitting the formal and preliminary parts, is in the words and figures as follows, to-wit:

"And the Full Industrial Board being advised in the premises now makes the following findings pursuant to the Order of the Appellate Court:

"That the original hearing on plaintiff's Form 9 application was limited to the questions of temporary total disability and medical payments, that such limitation was at the request of the parties and with the knowledge of the plaintiff; that at said hearing there was no evidence submitted and no issue presented on the issue of permanent partial disability or permanent partial impairment;

"That after said initial hearing and award for the plaintiff the plaintiff did not file any additional pleadings, forms or requests for a hearing on a change in condition for permanent partial disability or permanent partial impairment as required by the Acts of 1929, 172, Section 45, as amended and as found in Burns' (1965 Replacement), Section 40-1410 but rather filed such a petition more than two years beyond the last date for which he had been paid compensation under the original award of the Industrial Board.

"That by reason of the plaintiff's failure to submit evidence on the question of permanent partial impairment at the original hearing and by further reason of his failure to file an application for changed conditions within the statutory time period the Board is without jurisdiction to determine his degree of disability or impairment and is without evidence to make any findings thereon in compliance with the Order of the Appellate Court."

The record is now clear that the original hearing on appellant's Form 9 application was limited to the one specification, namely, temporary total disability and medical payments, and that such request was made by the parties and with the knowledge of appellant; that at the hearing determining temporary total disability there was no evidence submitted and no issue presented on that part of appellant's Form 9 praying for determination of permanent partial impairment.

Appellant joined in the request to hear the issue of temporary total disability and medical payments only. There was a special answer filed, praying that appellant take nothing by way of his Form 9 application for adjudication of permanent partial impairment.

Under these facts we are constrained to hold that there was an adjudication on temporary total disability only and that, pursuant to the agreement of the parties, that specification of appellant's Form 9 requesting an adjudication of appellant's permanent partial disability was continued indefinitely by the hearing member and was never ruled upon by the hearing member or by the full Board.

This case then lay dormant until appellant filed his petition for adjudication of permanent partial impairment.

We are of the opinion that appellant's petition for adjudication of permanent partial impairment was properly and timely filed, as there was no adjudication thereon and the case as to that issue during all of the time was in *fieri*.

We are unable to agree with appellee's contention that there was an adjudication and this was a change of conditions and was outlawed by the statute of limitations for appellant's failure to file a request to modify the same within two years, pursuant to Burns' § 40-1410.

In the case of *Burton* v. *Rock Road Construction Co.* (1968), 142 Ind. App. 458, 235 N. E. 2d 210, an award was made under a Form 9 application and one of the specifications for reversal was "There was no finding on the issue of permanent total disability which was before the board." This court, in discussing that proposition, cited *DeArmond* v. *Myers Gravel and Sand Corporation* (1968), 142 Ind. App. 60, 12 Ind. Dec. 210, 231 N. E. 2d 864, wherein the court cited, with approval, the case of *Saginaw Broadcasting Co.* v. *Federal Communications Commission* (1938), 96 F. 2d 554:

". . . necessarily includes at least four parts: (1) evidence must be taken and weighed, both as to its accuracy and

credibility; (2) from attentive consideration of this evidence a determination of facts of a basic or underlying nature must be reached; (3) from these basic facts the ultimate facts, usually in the language of the statute, are to be inferred, or not, as the case may be; (4) from this finding the decision will follow by the application of the statutory criterion."

Further:

"The requirement that courts, and commissions acting in a quasi-judicial capacity, shall make findings of fact, is a means provided by Congress for guaranteeing that cases shall be decided according to the evidence and the law, rather than arbitrarily or from extralegal considerations; and findings of fact serve the additional purpose, where provisions for review are made, of apprising the parties and the reviewing tribunal of the factual basis of the action of the court or commission, so that the parties and the reviewing tribunal may determine whether the case had been decided upon the evidence and the law, or on the contrary, upon arbitrary or extralegal considerations. When a decision is accompanied by findings of fact, the reviewing court can decide whether the decision reached by the court or commission follows as a matter of law from the facts stated as its basis, and also whether the facts so stated have any substantial support in the evidence. In the absence of findings of fact, the reviewing tribunal can determine neither of these things."

Our Supreme Court said, in *Cole* v. *Sheehan Const Co.* (1944), 222 Ind. 274, 53 N. E. 2d 172:

". . . The statute does not contemplate that the functions of the Industrial Board may be assumed by the courts. The better practice would appear to be to remand the proceeding to the Board with directions for it to discharge its statutory duty by finding the essential facts, and by entering an award based thereon. When that has been done any party feeling aggrieved may have a judicial review according to the established practice."

Small's Workmen's Compensation Law of Indiana, p. 396, § 12.7, cites the *Cole* v. *Sheehan Const. Co.* case, *supra*, as authority on the new view that the failure to find on an essential element raises no presumption; and holds further that where there is evidence which requires a

finding, the failure of the Board to make a finding constitutes an error sufficient for remanding the cause. Contrary authority is expressly overruled by *Hayes Freight Lines* v. *Martin* (1948), 118 Ind. App. 139, 77 N. E. 2d 900.

Professor Small goes further and states the following:

". . . In cases where the Board desires to find against the one having the burden of proof, it is little more effort to enter a negative finding than to make no finding. In other cases where the failure to make a finding results from the Board's own lack of care, the fault is placed where it belongs, on the Board rather than on one of the parties."

In the case at bar the burden would have been upon the Industrial Board to enter a negative finding on appellant's Form 9 as to permanent partial impairment had the issues thereon been tried and determined as contended by the appellee. However, the issues thereon were not submitted to the hearing member or the full Board and were not tried and were continued indefinitely with no record made thereon.

This court would respectfully instruct the Industrial Board to make findings on all issues raised by any forms or pleadings filed before it and enter its award thereon, even though the findings and award may be negative; further the Industrial Board should make its record on any pleading or issue which may be dismissed and should make its record as to the continuance of the issues which it may have continued and on which it heard no evidence at the time of its hearing.

We shall follow the words of wisdom as set out in the *Cole* v. *Sheehan Const Co.* case, *supra*, and shall not attempt to perform the functions of the Industrial Board.

This case, is, therefore, remanded to the Industrial Board with directions to said Board to determine the issue raised by appellant's Form 9 application, namely, permanent partial

impairment of the appellant, which was continued and no evidence heard thereon.

Carson, Cooper and Sullivan, JJ., concur.

NOTE.—Reported in 261 N. E. 2d 887.