GEORGE MEEKS, ET UX. *v.* O. D. BARBIER, ET AL.

[No. 570A75. Filed December 15, 1971.]

*Howard E. Peterson,* of LaGrange, for appellants.

*Ronald L. Sowers, William E. Harris, Torborg, Miller, Moss, Harris & Sowers,* of Fort Wayne, *Fisher & Schmidt,* of La-Grange, for appellees.

WHITE, J.—Plaintiff-appellants are owners of land fronting on Big Long Lake in LaGrange County in a platted area named "Long Lake Park". Defendant-appellees own so-called back lots. Plaintiffs sought an injunction to mandate defendants to restore to its original condition a right-of-way, Shawnee Drive, which they had "improved" so that they could reach the lake to launch their boats from boat trailers. Plaintiffs complained that their access to their property had been impaired by the change of grade defendants had made and that plaintiffs were also damaged by a sea wall built by defendants.

After hearing the evidence the trial court awarded plaintiffs "$1200.00 as damages for the defendants' acts in depriving plaintiffs access to and from the right-of-way" and denied all other relief except "that the plaintiffs shall have the right to construct an access of necessary and reasonable width from their property to the present grade of Shawnee Drive."

The evidence as to damages and the cost of constructing plaintiffs' access was conflicting, but there was evidence to support the amount the court awarded. There was also evidence from which the court could have found that plaintiffs had been guilty of laches and that it would be inequitable to require defendants to restore the right-of-way and the lake front to their original condition.

Plaintiffs' counsel has argued quite persuasively that his

clients were not adequately compensated by the amount of damages awarded and that the award of money damages alone is not sufficient redress for the wrong committed. In effect, he has asked us to weigh the evidence and substitute our judgment for that of the trial court. That we cannot do. *Doi* v. *Huber* (1969), 144 Ind. App. 451, 457, 247 N. E. 2d 103, 107, 17 Ind. Dec. 367, 372. The judgment awarding damages to plaintiffs must be affirmed because, while the evidence is conflicting, there is ample evidence to support the trial court's finding. *Kostas* v. *Zaracostas* (1947), 118 Ind. App. 425, 432, 75 N. E. 2d 423; *Lynch* v. *Keck* (1970), 147 Ind. App. 570, 263 N. E. 2d 176, 179, 23 Ind. Dec. 206, 212.

The negative judgment denying plaintiffs injunctive relief must be sustained because this is not a case in which "the evidence is without conflict and can lead to but one conclusion" nor is it a case in which the trial court has reached a conclusion opposite to that to which nonconflicting evidence inescapably leads. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669; *Losche & Sons* v. *Williams & Associates* (1948), 118 Ind. App. 392, 395, 78 N. E. 2d 447.

Judgment affirmed.

Hoffman, C.J., Sharp, Staton, JJ., concur.

NOTE.—Reported in 276 N. E. 2d 192.