LEE JOHNSON *v.* THOMAS & SKINNER, INC.

[No. 172A9. Filed October 12, 1972.]

Karl J. Stipher, of Indianapolis, for appellant.

Geoffrey Segar, of Indianapolis, for appellee.

PER CURIAM—This is a second opinion on an appeal from an award of December 9, 1971, dismissing a second claim for compensation "for want of jurisdiction" based on the sole finding that the second claim "was filed more than one year after the date for which compensation was paid" (pursuant to the initial award).[1] In our first opinion on May 15, 1972, we directed the Industrial Board to certify to us a finding of the facts relative to issues which its 1971 finding had ignored, particularly the issue of whether plaintiff was mentally incompetent so as to toll the one year limitation.[2] The Board has responded to that directive by finding, inter alia, that plaintiff failed to prove that he was mentally incompetent at all times during the one-year period.

---

1. "40-1410 [9490]. Continuing power to change or modify award.— The power and jurisdiction of the industrial board over each case shall be continuing and from time to time, it may, upon its own motion or upon the application of either party, on account of a change in conditions, make such modification or change in the award, ending, lessening, continuing or extending the payments previously awarded, either by agreement or upon hearing, as it may deem just, subject to the maximum and minimum provided for in this act [§§ 40-1201—40-1414, 40-1505—40-1704].

"Upon making any such change, the board shall immediately send to each of the parties a copy of the modified award. No such modification shall affect the previous award as to any money paid thereunder.

"The board shall not make any such modification upon its own motion, nor shall any application therefor be filed by either party after the expiration of two [2] years from the last day for which compensation was paid under the original award made either by agreement or upon hearing, except that applications for increased permanent partial impairment are barred unless filed within one [1] year from the last day for which compensation was paid. The board may at any time correct any clerical error in any finding or award." (Our emphasis.) Ind. Ann. Stat. § 40-1410 (Burns 1965 Repl.) IC 1971, 22-3-3-27.

2. Our first opinion is reported in 152 Ind. App. 136, 282 N. E. 2d 346, 349, 30 Ind. Dec. 640, 644.

That finding requires us to affirm the award. The complete statement of facts found is set out in the margin.[3]

The plaintiff-appellant-injured-employee has filed a supplemental brief in which, *inter alia,* he challenges the findings

---

3. "That plaintiff received an accidental injury on July 25, 1961, said accidental injury arising out of and in the course of his employment with the defendant.

"That on the 27th day of October, 1965, the Industrial Board of Indiana rendered an award in which the plaintiff was granted compensation at the rate of Thirty-Eight Dollars and Sixty-Four Cents ($38.64) per week for a specific period of three hundred (300) weeks beginning the 25th day of July, 1961, for a sixty per cent (60%) permanent partial impairment to the plaintiff's body as a whole.

"That plaintiff filed a Form 14 Application for the Review of Award on Account of a Change in Conditions on April 24, 1969.

"That plaintiff's Form 14 Application filed on April 24, 1969, was not filed within one (1) year from the last date for which compensation was paid pursuant to the original award on October 29, 1965, said last date of payment of compensation being the 24th day of April, 1967.

"That plaintiff's claim filed on April 24, 1969, was not timely filed.

"That the one (1) year period for the filing of a claim for increased permanent partial impairment began to run on April 24, 1967, and plaintiff's said claim was not filed within one (1) year therefrom.

"That plaintiff's injury received in the accident of July 25, 1961, was a crushing injury to his legs.

"That prior to plaintiff's accident of July 25, 1961, he had been committed to the Madison State Hospital because he could not take care of himself, could not remember anything, and his wife could not leave him by himself; that he was released from the Madison State Hospital prior to becoming employed by the defendant herein.

"That there were periods when plaintiff was out of contact or orientation for two or three days.

"That plaintiff was not incompetent during all of the period of time when claim could have been filed within the provisions of Section 45 of the Workmen's Compensation Act.

"That at no time from the date of plaintiff's accidental injury of July 25, 1961, to the time of the last hearing on January 13, 1971, was plaintiff declared mentally incompetent by any Court of competent jurisdiction of the State of Indiana.

"That plaintiff's condition of intermittent period of amnesic episodes with their original onset in 1960 or 1961 did not render him incompetent so as to have prevented him from filing a claim within the time permitted under Section 45 of the Compensation Act.

"That plaintiff failed to prove that he was mentally incompetent during such period.

"That plaintiff was of the same physical condition at the time of the hearing on January 13, 1971, as he was at the time of the initial hearing on October 29, 1965 insofar as his injuries received as a result of the accidental injury of July 25, 1961. The only indication of change in condition was that there was some improvement with respect to an ulceration of one of his legs."

relative to his mental condition on the ground they are "...
contrary to the uncontradicted evidence," which is to say, in
essence, that "the evidence is without conflict and can lead
to but one conclusion and . . . [the Board] has reached an
opposite conclusion." *Pokraka* v. *Lummus Co.* (1952), 230
Ind. 523, 532, 104 N. E. 2d 669, 673; *Theo. Losche & Sons, Inc.*
v. *Chas. Williams & Associates* (1948), 118 Ind. App. 392,
395, 78 N. E. 2d 447, 448; *Meeks* v. *Barbier* (1971), 150 Ind.
App. 269, 276 N. E. 2d 192, 193, 28 Ind. Dec. 240, 241; *Moore*
v. *L. O. Gates Chevrolet, Inc.* (1967), 140 Ind. App. 672, 674,
225 N. E. 2d 854, 855; *Miller* v. *Barrett* (1971), 148 Ind.
App. 685, 269 N. E. 2d 772, 775, 25 Ind. Dec. 547, 550.

To support that contention plaintiff points to the uncontra-
dicted testimony of his expert witness, a psychiatrist, who
testified on January 13, 1971, that plaintiff had been incom-
petent for the past five or six years "because when a person
has periods when he is not in contact and certainly needed
guidance and care I would consider him incompetent." Fur-
ther:

> "Q. When he is not in amnesic episode, is he competent?
> A. I would have to take a broad view of things saying
> because of these recurrent episodes at no time would
> he be *declared competent.*" (Emphasis added).

The psychiatrist based his opinion on the history given him
by plaintiff's wife. The substance of that history also appears
in her testimony before the Board. She testified that he had
intermittent periods of amnesia prior to the accidental injury
here involved and was committed to and discharged from a
state mental hospital prior to his injury and even prior to his
employment by defendant. On cross-examination she was
asked:

> "Was there anything else, going back clear to March of
> 1961, that caused your husband difficulty outside of periods
> when he couldn't remember things?"

She answered: "No, not that I can remember of."

If the Board had found that defendant was mentally incompetent during all the period between the last date for which compensation was paid and the date on which the second claim was filed we might well hold such finding to be sustained by sufficient evidence, but we cannot say that the evidence demands such a finding. It is not the only inference reasonable men can draw from the evidence.

Since the appellant does not challenge the sufficiency of the facts found to sustain the award we do not pass on that question. We mention it only to negate any implication that we are interpreting § 48 of the Indiana Workmen's Compensation Act (IC 1971, 22-3-3-30, Ind. Ann. Stat. § 40-1413 [Burns 1972 Supp.]) which reads:

> "No limitation of time provided in this act shall run against any person who is mentally incompetent or a minor so long as he has no guardian or trustee."

We do take note, however, that the language of that statute varies quite markedly from that of the tolling statute applicable to civil actions generally, to-wit:

> "Any person, being under legal disabilities when the cause of action accrues, may bring his action within two [2] years after the disability is removed." (IC 1971, 34-1-2-5, Ind. Ann. Stat. § 2-605 [Burns 1967 Repl.]).

For the purpose of this appeal only, we accept the interpretation implicit in the Board's findings.

In conformity with the views expressed in our prior opinion, we believe that the award by the full Board should be affirmed without further discussion. However, under Rule AP. 11(B)(2)(e), appellant may be entitled to a statement with respect to other arguments he has made.

His supplemental brief contends that the finding that he had not been declared mentally incompetent (since his injury) is improper and illegal because such a determination is not required, the Board having the duty to determine incompetency independently. Conceding, *argu-*

*endo,* the validity of that position, it nevertheless fails to follow that the finding is anything but harmless surplusage. Especially so since the Board did make an independent determination on the merits of the issue of mental incompetency.

Appellant also argues in his initial brief that the second claim was timely filed even had he been fully competent at all times. He concedes that "applications for increased permanent partial impairment are barred unless filed within one year from the last day for which compensation was paid,"[4] but contends that the "last day for which compensation was paid" in this case was October 29, 1968, making plaintiff's claim (which was filed April 24, 1969), well within one year therefrom.

As appellee suggests, it is quite unclear how appellant arrives at the date October 29, 1968, as "the last day for which compensation was paid." His reasoning seems to be, however, that the award of 300 weeks compensation made on October 29, 1965, being subject to a credit of 144 weeks for compensation already paid, was a net award of 156 weeks, which 156-week period began to run on the date of the award and ended, three years later, on October 29, 1968. That contention, however, flies in the face of the award of October 29, 1965, in which plaintiff was awarded "compensation . . . for a specific period of *300 weeks, beginning July 25, 1961. . . .*" The last day of "300 weeks beginning July 25, 1961", is the 24th day of April, 1967.

Had the beginning date of the 300 weeks not been fixed by the award of October 29, 1965, it is conceivable that it might now be open to question. But that part of the award has become final.[5] All parties are bound by it. *Milner* v. *Radio Corporation of America* (1964), 136 Ind. App. 218, 195 N. E. 2d 875, 196 N. E. 2d 756; *Evans* v.

---

4. Ind. Ann. Stat. § 40-1410 (Burns 1965 Repl.), IC 1971, 22-3-3-27.

5. Clerical errors may be corrected at any time. Ind. Ann. Stat. § 40-1410 (Burns 1965 Repl.), IC 1971, 22-3-3-27. But there is no indication and no contention that it was a clerical error to state that the 300 weeks period begins July 25, 1961.

*Enoco Collieries, Inc.* (1964), 137 Ind. App. 11, 202 N. E. 2d 595.

Appellant's Form No. 14, "Application for Review of Award on Account of a Change in Conditions," alleges as changes in condition not only an increase in permanent *partial* impairment (which is the only change to which the one year limitation applies) but also alleges (1) a recurrence of disability, (2) an increase in disability, and (3) "that said injury has resulted in permanent *total* disability." Because a claimant may file an application for modification of an award during a period of two years, if the reason for the modification is other than an increase in permanent partial impairment,[6] plaintiff contends these additional grounds make his application timely even if it was untimely as to permanent partial impairment. Plaintiff asserts in his initial brief that "[t]hese claims were supported by the evidence," but fails to call our attention to any specific supporting evidence and we have been able to find none. Plaintiff's supplemental brief asserts that "[t]he evidence showed that there was an increase in plaintiff-appellant's impairment and disability from 60% to 100% of the body as a whole." We have read the doctors' testimony cited in support of that assertion and note that although it does tend to support the contention that plaintiff is unable to work, it also supports the Board's finding to the effect that his present condition is unchanged except for some improvement in the ulceration of one leg.

The award is, therefore, affirmed.

NOTE.—Reported in 287 N. E. 2d 894.

---

6. Ind. Ann. Stat. § 40-1410 (Burns 1965 Repl.), IC 1971, 22-3-3-27.